UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GREGORY JAMES REAP, | ) | CASE NO. C04-2444-MJP |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MAGGIE MILLER-STOUT, | ) | |
| Respondent. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. He seeks relief under 28 U.S.C. § 2254 from his 2002 conviction in King County Superior Court. Respondent has filed a motion to dismiss petitioner's petition as untimely under 28 U.S.C. § 2244(d)(1)(A). The Court, having reviewed petitioner's petition, respondent's motion, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

PROCEDURAL HISTORY

On December 10, 2001, petitioner pleaded guilty in King County Superior Court to a charge of attempted murder in the second degree. ( *See* Dkt. No. 10, Ex. 1.) On January 25, 2002, petitioner was sentenced to a term of 223.5 months confinement. ( *Id.*, Ex. 1 at 4.) Petitioner was also ordered to pay restitution in the amount of $23,391.05. (Dkt. No. 10, Ex. 1,

REPORT AND RECOMMENDATION
PAGE -1

Appendix E.)

Petitioner did not file a direct appeal. Petitioner did, however, file a personal restraint petition ("PRP") in the Court of Appeals of Washington in June 2003, challenging the order of restitution entered as a part of his judgment and sentence. (*Id.*, Ex. 3.) On July 2, 2003, the Court of Appeals issued an order dismissing petitioner's PRP. (*Id.*, Ex. 4.) The Court of Appeals concluded that petitioner had not stated grounds upon which relief could be granted by way of a PRP. (*Id.*)

Petitioner next filed a petition for discretionary review in the Supreme Court of Washington. (*Id.*, Ex. 5.) On August 25, 2003, the Supreme Court Commissioner issued a ruling denying review. (*Id.*, Ex. 6.) The Commissioner expressly found that petitioner's PRP was not timely filed. (*Id.*) Petitioner subsequently moved to modify the Commissioner's ruling. (*Id.*, Ex. 7.) Petitioner's motion was denied on November 4, 2003. (*Id.*, Ex. 8.) On December 2, 2003, the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings. (*Id.*, Ex. 9.)

On December 2, 2004, petitioner signed his federal habeas petition. (Dkt. No. 4.) The petition was received by the Court for filing on December 9, 2004. (*Id.*)

## DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was to adopt a one year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1) (1996). The one year limitations period starts to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A).

In this case the period for direct review ended, at the latest, upon the expiration of the period for filing a direct appeal. Petitioner's judgment and sentence was signed on January 25,

REPORT AND RECOMMENDATION
PAGE -2

2002. Petitioner had thirty days after the entry of that order, or until February 25, 2002, to file a direct appeal. *See* Rule 5.2, Washington Rules of Appellate Procedure. Because petitioner did not file a direct appeal, his conviction became final on February 25, 2002. 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had until February 25, 2003, to file his federal habeas petition.

The one year limitations period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner did file a collateral state challenge to his judgment and sentence. However, he did not file that challenge until after the statue of limitations had already expired. Petitioner's personal restraint proceedings in the state courts therefore would not have acted to toll the statue of limitations. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

The statute of limitations is also subject to equitable tolling. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(en banc). However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Calderon*, 128 F.3d at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). The Ninth Circuit further explained in *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), that "when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Petitioner does not argue that he is entitled to equitable tolling of the federal statute of limitations.

As noted above, petitioner did not sign his federal habeas petition until December 2, 2004, over 21 months after the statute of limitations expired on February 25, 2003. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his petition is time-barred. This Court therefore recommends that respondent's motion to dismiss be

REPORT AND RECOMMENDATION
PAGE -3

01 granted and that petitioner's federal habeas petition be dismissed, with prejudice, pursuant to 28

02 U.S.C. § 2244(d). A proposed order accompanies this Report and Recommendation.

03     DATED this  11th  day of April, 2005.

/s/ Mary Alice Theiler
Mary Alice Theiler
U.S. Magistrate Judge